UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MATTHEW BATE,

Case No.
15-CV-2631(PGG)

                              Plaintiff,

**SECOND AMENDED**
**COMPLAINT**

          - v. -

THE CITY OF NEW YORK, and
DETECTIVE GERARD SARDINA,
in his individual and official capacity.

**JURY TRIAL**
**DEMANDED**

                    Defendants.

------------------------------------------------------------X

Plaintiff MATTHEW BATE, by and through his attorneys, Perlmutter & McGuinness, P.C., alleges as follows:

## PRELIMINARY STATEMENT

1.     This is an action to recover monetary damages arising out of Defendants' violations of Plaintiff's rights secured by the Civil Rights Act, 42 U.S.C. § 1983, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, the New York State Constitution and the laws of the State of New York.  Plaintiff was deprived of his constitutional and common law rights when the individual defendant unlawfully arrested, assaulted, battered, and caused the prosecution of Plaintiff.

-1-

2.      This action arises out of conduct by DETECTIVE GERARD SARDINA which led to the unlawful arrest of Plaintiff and the prosecution of Plaintiff by representatives of the New York County District Attorney's Office.

3.      The individual defendant, acting under the color of state law, has intentionally and willfully subjected Plaintiff to, *inter alia*, false arrest, assault, battery, and malicious prosecution.  The individual defendant unlawfully arrested and detained Plaintiff in violation of Plaintiff's Fourth and Fourteenth Amendment rights under the United States Constitution, and in violation of 42 U.S.C. § 1983 and Article 1 § 12 of the New York State Constitution.

## JURISDICTION

4.      This is a civil action authorized by 42 U.S.C. §§ 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(a)(3) and (4) and the aforementioned statutory and constitutional provisions.

5.      Plaintiff further invokes this Court's supplemental jurisdiction under 28 U.S.C. § 1367 over any and all State law claims and causes of action that derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federal claims and causes of action.

## VENUE

6.      The Southern District of New York is an appropriate venue under 28 U.S.C. §§ 1391(a), (b), and (c), and 1402(b) because the events giving rise to this claim occurred in New York County.  In addition, Defendants conduct business and maintain their principal places of business in New York County.

## JURY DEMAND

7.      Plaintiff demands a trial by jury on each of his claims that can be tried to a jury.

## THE PARTIES

8.      Plaintiff MATTHEW BATE, is a 32-year-old resident of Brooklyn, New York.  Plaintiff is a citizen of the United States and is and was at all times relevant herein a resident of the City of New York, State of New York.  Plaintiff received his masters degree in social work from New York University.

9.      Defendant DETECTIVE GERARD SARDINA (hereafter "DET. SARDINA") is and was at all times relevant herein an officer, employee and agent of the New York City Police Department (hereafter "NYPD").  DET. SARDINA is being sued herein individually and in his official capacity.

10.     Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York.  The NYPD is a municipal agency of the CITY OF NEW YORK.  Pursuant to N.Y.C. Charter § 396, the CITY OF NEW YORK is the party to be named in an action for the recovery of penalties for the violations stated herein.

## FACTS

### Background

11.     On May 28, 2014, DET. SARDINA arrested Plaintiff inside of 1753 Park Avenue located in New York County, New York.  Plaintiff was charged with two counts of Sexual Abuse in the First Degree and six counts of Endangering the Welfare of a Child.  DET. SARDINA knew or should have known that probable cause did not exist to arrest, detain or prosecute Plaintiff.

12.     From approximately January 2014 to the time of Plaintiff's arrest, Plaintiff was employed at Big Brothers Big Sisters of New York City (hereafter "BBBS") as a program manager. In his role as a program manager, among other responsibilities, Plaintiff led activities at businesses throughout New York County, in which youths were paired with adult professionals for the purpose of helping the youths gain workplace skills and exposure to a business environment.

13.     As part of Plaintiff's education and training, Plaintiff has learned that touching a student on the shoulder or patting a student on the back is an acceptable method of conveying positive reinforcement as well as a mechanism to help an individual student focus.  Such conduct is consistent with the Code of Ethics of the National Association of Social Workers, professional literature, and legal under all New York State and Federal laws.

14.     In Plaintiff's role as a program manager at BBBS, Plaintiff would touch students on the shoulders or pat their backs as encouragement or to refocus the students when they acted disruptive.

15.     Upon information and belief, a group of six female students that had been consistently disruptive during BBBS programs did not like Plaintiff because he had reprimanded them.  In response, they complained to their school officials that Plaintiff had touched them.

16.     Upon information and belief, the aforementioned school officials took written statements from the complaining girls and passed them to the NYPD.  DET. SARDINA then conducted an investigation.  DET. SARDINA materially misrepresented the findings of that investigation to arrest Plaintiff without probable cause.

<u>The Inciting Incidents of April 24, 2014 and Initial Complaints</u>

17.     Upon information and belief, on April 25, 2014, six female minors decided to complain about Plaintiff because he had reprimanded them individually at the BBBS program on separate occasions.  The six females were X.Z., M.M., C.T., M.J., A.S., and K.M.

18.     Upon information at belief, one of the girls, K.M., organized the others to give written statements against Plaintiff on April 25, 2014 because Plaintiff had reprimanded K.M., A.S., M.J. and X.Z. the previous day.

19.     On April 24, 2014, Plaintiff directed a program inside of 27 East 27th Street, New York, New York, at New York Life Insurance.  During a group activity in the program, X.Z. became disruptive.  Following the group activity, Plaintiff discussed the disruption with X.Z.  After numerous verbal attempts by Plaintiff to gain X.Z.'s attention, Plaintiff briefly touched X.Z.'s shoulder.  X.Z. asked Plaintiff

to not touch her.  Plaintiff had no further physical contact with X.Z.  Plaintiff's

contact with X.Z.'s shoulder fully comported with professional standards and norms.

20.     Also during the April 24, 2014 program inside of 27 East 27th Street,

M.J. disrupted a presentation by other students.  Plaintiff reprimanded M.J. and

told her to respect the other students as they presented to the group.

21.     At some point during the same program, A.S. and K.M. were not

following directions and acting inappropriately.  Plaintiff spoke with A.S. and K.M.

about the importance of following directions.  Another adult at the program saw

K.M. become visibly agitated at Plaintiff for reprimanding her.

22.     The following day, X.Z., K.M., M.J., C.T, A.S., and M.M. made

complaints to their school principal and wrote out individual statements in which

they stated Plaintiff had touched them on the shoulders and/or backs.  Two of the

girls, M.M. and X.Z. also wrote that on one occasion Plaintiff rubbed C.T.'s

shoulders and might have came close to touching C.T's breast.

23.     C.T.'s written statement dated April 25, 2014 does not mention any

incident of Plaintiff touching or nearly touching her breast.  X.Z., C.T. and M.J.

wrote that on the previous day, Plaintiff had touched M.J.'s leg.

24.     All of the alleged interactions with Plaintiff were purported to have

occurred in an enclosed environment in full view of many other adults and children.

The April 24, 2014 program took place in a conference room with seventeen to

twenty adults and seventeen to twenty youths present.  Approximately seven to ten

adults and seven to ten children pairs attended other programs.

-6-

25.     Also on or about April 25, 2014, Plaintiff received a complaint from X.Z.'s father regarding Plaintiff's touching X.Z.'s shoulder.  Plaintiff immediately notified his supervisor at BBBS.  Thereafter, Plaintiff was placed on desk duty pending internal investigation by BBBS.  While on desk duty at BBBS, Plaintiff had no interaction or communication with minor or adult participants at the program.

<u>The Investigation</u>

26.     On or about April 29, 2014, the NYPD assigned DET. SARDINA to investigate the girls' complaints.  Thereafter, DET. SARDINA spoke to the girls, whose stories changed, and to the adults present during the alleged touching, who denied that any inappropriate touching had occurred.

27.     Upon information and belief, on or about April 29, 2014, C.T. told DET. SARDINA that Plaintiff had rubbed C.T.'s shoulders while Plaintiff was facing C.T., and that as Plaintiff lowered his hands, one of Plaintiff's hands made contact with C.T.'s breast over her clothes.  NYPD records of this conversation reflect that C.T. alleged that this event happened on April 10, 2014.

28.     Upon information and belief, on or about April 30, 2014, DET. SARDINA spoke with Plaintiff's supervisor at BBBS, who explained to DET. SARDINA that Plaintiff had been suspended pending investigation, and currently was not interacting with any youths.  The BBBS supervisor told DET. SARDINA that Plaintiff had touched the girls' shoulders and backs as part of an accepted educational technique to get the girls to refocus.  The BBBS supervisor further told DET. SARDINA that BBBS would cooperate with the investigation in any way.

29.     Between April 29, 2014, and May 13, 2014, as part of his investigation, DET. SARDINA spoke with approximately 14 adults, who were present in a conference room during the allegedly inappropriate contacts between Plaintiff and the girls.

30.     All of the aforementioned adults told DET. SARDINA that they had not seen Plaintiff ever make inappropriate contact with the girls or anyone else.

31.     All of the aforementioned adults told DET. SARDINA that they never saw Plaintiff touch the girls, or any program participant, in an intimate or inappropriate area.

32.     In K.M.'s written statement, she stated that two adults would corroborate her version of events.  Neither of those adults corroborated that Plaintiff's touching was inappropriate.

33.     On or about April 30, 2014, DET. SARDINA spoke with one of the adults listed by K.M. as an eyewitness.  Upon information and belief, this individual reported that she had previously heard K.M. state that Plaintiff possibly touched C.T.'s breast, but when the individual spoke with C.T., C.T. stated only that Plaintiff touched her shoulders.

34.     On or about May 9, 2014, DET. SARDINA learned from an adult present at the BBBS program that on April 24, 2014 K.M. was upset with Plaintiff for reprimanding her.

35.     On or about May 10, 2014, DET. SARDINA met with C.T and her mother to attempt to record a phone call between Plaintiff and C.T. and/or C.T.'s

-8-

mother in an attempt to collect incriminating evidence against Plaintiff. Upon information and belief, DET. SARDINA attempted to make a recorded call because DET. SARDINA was aware that he did not have probable cause to arrest Plaintiff.

36.     On or about May 14, 2014, DET. SARDINA spoke with K.M.'s mother, and learned that, prior to April 25, 2014, K.M.'s mother instructed K.M. that if Plaintiff made K.M. uncomfortable by touching K.M.'s shoulders, K.M. should assemble all the girls who had complaints about Plaintiff and go to K.M.'s school principal to complain. DET. SARDINA learned that one day after Plaintiff reprimanded K.M. and K.M. was upset with Plaintiff, K.M. organized the girls to complain about Plaintiff to their school principal.

37.     On or about May 20, 2014, DET. SARDINA called Plaintiff to question him. Plaintiff responded to DET. SARDINA through counsel, at which time DET. SARDINA indicated that Plaintiff might be required to surrender himself for arrest. Plaintiff through counsel stated that an investigation would reveal that an arrest would not be warranted but agreed to surrender himself, if necessary, on or about May 28, 2014.

38.     Also on or about May 20, 2014, Plaintiff communicated to DET. SARDINA through counsel that any physical contact was lawful pursuant to New York Penal Law ("PL") § 35.10(1), which permits physical force by any person entrusted with the supervision of a minor upon such minor where it is reasonably necessary to maintain discipline or promote the welfare of such minor.

39.     On May 21, 2014, through counsel, Plaintiff provided DET. SARDINA with the names and contact information for approximately sixteen of the program's adult participants who could corroborate Plaintiff's innocence.  Unbeknownst to the Plaintiff at the time, DET. SARDINA had already spoken to a majority of the adults, who had, in fact, corroborated Plaintiff's innocence.

40.     Additionally, through counsel, Plaintiff communicated to DET. SARDINA that BBBS had conducted an internal investigation that cleared Plaintiff of any wrongdoing.  Upon information and belief, DET. SARDINA made no efforts to view documents related to that BBBS internal investigation.

41.     Later on the evening of May 21, 2014, DET. SARDINA indicated that arrangements needed to be made to surrender the Plaintiff for arrest processing.

42.     DET. SARDINA knew or should have known that there was no urgent need to arrest Plaintiff, as he was not interacting with minors, and did not otherwise pose any threat.

43.     DET. SARDINA wrote in his final report that the adult witnesses had corroborated the accusations of the girls.  This statement was false.  In fact, the adult witnesses had clearly established Plaintiff's innocence.

<u>Plaintiff's Arrest and Prosecution</u>

44.     On May 28, 2014, at approximately 9:00am, Plaintiff surrendered himself at the NYPD's Special Victims Unit at 1753 Park Avenue for arrest.

-10-

45.     DET. SARDINA placed Plaintiff under arrest.  Plaintiff was kept in a small windowless room that was locked from the outside.  DET. SARDINA searched and handcuffed Plaintiff.

46.     DET. SARDINA then transported Plaintiff to another police precinct where Plaintiff was photographed and fingerprinted.  Plaintiff was then handcuffed and transported to another police precinct and placed in a cell.  Plaintiff was handcuffed to a chain to which approximately three other arrested individuals were handcuffed.

47.     While still handcuffed to the other individuals, Plaintiff was placed into a van and transported to Central Booking at 100 Centre Street.  Plaintiff remained incarcerated at 100 Centre Street until his arraignment at approximately 10:30pm that night.  Plaintiff was in custody for approximately 13½ hours in total.

48.     At Plaintiff's arraignment, the New York County District Attorney's Office file a felony criminal complaint signed by DET. SARDINA against Plaintiff. The complaint charged Plaintiff with two counts of Sexual Abuse in the First Degree, in violation of PL § 130.65(4), and six counts of Endangering the Welfare of a Child, in violation of PL § 260.10(1).

49.     The factual allegations underlying the two counts of Sexual Abuse in the First Degree were Plaintiff's alleged touching of C.T.'s breast on April 3, 2014, at 27 East 27th Street in New York County, and Plaintiff's alleged touching of M.J.'s leg on April 24, 2014, at 27 East 27th Street in New York County.

50.    In C.T.'s written statement date April 25, 2014, she did not accuse Plaintiff of touching her breast.  On or about April 29, 2014, C.T. then alleged Plaintiff of touched her breast on April 10, 2014.  By the time of the criminal complaint, C.T. had changed the alleged date of the incident to April 3, 2014.

51.    Plaintiff did not conduct a program and was not present at 27 East 27th Street in New York County on April 3, 2014, the time and place of the alleged breast touch in the criminal complaint.  DET. SARDINA knew or should have known from his conversations with numerous adult program participants that there was no BBBS/New York Life program at that time and place of the alleged incident.

52.    On April 3, 2014, Plaintiff led a BBBS/New York Life program at Paint Along NYC, a recreational painting studio located at 129 East 27th Street in New York County.  Paint Along NYC has surveillance cameras recording the program area that captured the program, and demonstrate that the allege contact did not take place.  Upon information and belief, DET. SARDINA made no attempt to view or secure that video.

53.    The sole factual allegations underlying the six counts of Endangering the Welfare of a Child were that Plaintiff rubbed the shoulders of each of the six girls.  DET. SARDINA knew or should have known that rubbing a minor's shoulders alone does not constitute Endangering the Welfare of a Child as a matter of law.

-12-

54.     DET. SARDINA knew or should have known that the several other adults present did not believe Plaintiff's touching of the girls shoulders put them in harm.

55.     DET. SARDINA knew or should have known that any physical contact between Plaintiff and the girls was an accepted, legitimate and legal technique for focusing minors under Plaintiff's care.

56.     At Plaintiff's arraignment, the People requested the Court set bail in the amount of $5,000.00.  The court released Plaintiff on his own recognizance.

57.     BBBS terminated Plaintiff's employment the following day.  Upon information and belief, BBBS terminated Plaintiff solely because he had been arrested.

58.     Plaintiff was required to reappear at 100 Centre Street in Part F on June 30, 2014.  Plaintiff appeared in court on that date, and the matter was adjourned to October 2, 2014 for Grand Jury action.

59.     Plaintiff again appeared in court, as required, on October 2, 2014.  At that appearance, the New York County District Attorney's Office stated that after conducting an investigation they found no evidence of criminal conduct and moved to dismiss all charges against Plaintiff.

60.     On June 4, 2014, a notice of claim was served on the Comptroller of the CITY OF NEW YORK.  At least thirty days have elapsed since the service of such notice and adjustment and/or payment has been neglected and/or refused.

-13-

## FIRST CAUSE OF ACTION
### (Unlawful Seizure — Federal Claim)

61.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 60 with the same force and effect as if more fully set forth at length herein.

62.     DET. SARDINA arrested Plaintiff without probable cause in violation of his Fourth Amendment right to be free from unreasonable seizure and the Fourteenth Amendment right to Due Process.

63.     Prior to Plaintiff's arrest, DET. SARDINA spoke with approximately 14 adult witnesses that were in the same room as Plaintiff at the time of the alleged incidents.  The adult witnesses all informed DET. SARDINA that Plaintiff had not touched the girls inappropriately.  DET. SARDINA deliberately disregarded and misrepresented the statements of the adult witnesses in his official report.  Upon information and belief, DET. SARDINA misrepresented and/or failed to disclose this information to prosecutor.

64.     DET. SARDINA knew or should have known that K.M., X.Z., A.S., and M.J. harbored ill will and malice towards Plaintiff, and that the April 25, 2014 complaints against Plaintiff had been organized as retribution for his appropriate reprimands the prior day.  DET. SARDINA was told that K.M. organized the girls initial complaints about Plaintiff the day after Plaintiff appropriately reprimanded K.M.

65.     DET. SARDINA knew or should have known that C.T. changed her the facts of her accusation, and that Plaintiff was not present at the time and place of the accused conduct.  Upon information and belief, DET. SARDINA withheld this information from prosecutor.

66.     DET. SARDINA knew or should have known that any alleged contact between Plaintiff's hand and C.T.'s breast was inadvertent, incidental, and unintended contact.

67.     DET. SARDINA knew or should have known that Plaintiff had legal justification for touching the girls' shoulders, and that, in any event, the alleged conduct did not constitute a crime.  No reasonable person could find that Plaintiff's touching of program participants shoulders is likely to be injurious to the physical, mental or moral welfare of a child.  As such, probable cause to arrest Plaintiff for endangering the welfare of a child did not exist.

68.     DET. SARDINA knew or should have known that Plaintiff never touched any of the programs participants for the purpose of gratifying sexual desire. DET. SARDINA never learned of any actions, statements or circumstances that would support the conclusion that Plaintiff ever touched a program participant for that purpose.  As such, probable cause to arrest Plaintiff for sexual abuse did not exist.

69.     DET. SARDINA never obtained or viewed the documents related to the internal BBBS investigation prior to the Plaintiff's arrest.

70.     Plaintiff suffered the physical, mental, emotional, financial injuries, legal costs and loss of future earnings as a result of Defendants deprivation of Plaintiff's constitutional rights.  Defendants are liable to Plaintiff under 42 U.S.C. §§ 1983 and 1985.

## SECOND CAUSE OF ACTION
### (Unlawful Seizure/False Arrest/False Imprisonment — State Claim)

71.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 70 with the same force and effect as if more fully set forth at length herein.

72.     DET. SARDINA arrested Plaintiff without probable cause in violation of the New York State Constitution Article 1, § 12, guaranteeing the Plaintiff's right to be free from unreasonable seizures, and New York common law.

73.     Plaintiff suffered physical, mental, emotional, and financial injuries as a result of Defendants' deprivation of Plaintiff's rights under the New York State Constitution and common law, and, as such, Defendants are liable to Plaintiff.

## THIRD CAUSE OF ACTION
### (Malicious Prosecution — Federal Claim)

74.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 73 with the same force and effect as if more fully set forth at length herein.

75.     DET. SARDINA ignored evidence of Plaintiff's innocence, and acted with actual malice to initiate and continue criminal proceedings against Plaintiff. The acts and conduct of DET. SARDINA resulted in Plaintiff's unlawful seizure and deprived Plaintiff of his liberty without Due Process of Law in violation of his Fourth and Fourteenth Amendment Rights.

76.     Plaintiff suffered physical, mental, emotional, and financial injuries as a result of Defendants' actions.  As such, Defendants are liable to Plaintiff under 42 U.S.C. §§ 1983 and 1985.

## FOURTH CAUSE OF ACTION
### (Malicious Prosecution — State Claim)

77.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 76 with the same force and effect as if more fully set forth at length herein.

78.     The actions by DET. SARDINA to commence and continue the criminal action against Plaintiff violated Plaintiff's rights under New York law.

## FIFTH CAUSE OF ACTION
### (Assault)

79.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 78 with the same force and effect as if more fully set forth at length herein.

80.     By the conduct and actions described above, DET. SARDINA inflicted the tort of assault upon Plaintiff.  The acts and conduct of DET. SARDINA were the

direct and proximate cause of injury and damage to Plaintiff and violated Plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

81.     DET. SARDINA's conduct against Plaintiff constituted an assault upon Plaintiff in that DET. SARDINA attempted to injure Plaintiff or commit battery upon him, and further that DET. SARDINA's acts represented a grievous affront to Plaintiff.

82.     DET. SARDINA's actions were intentional, reckless, and unwarranted, and without any just cause or provocation, and DET. SARDINA knew, or should have known, that his actions were without the consent of Plaintiff.

## SIXTH CAUSE OF ACTION
### (Battery)

83.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 82 with the same force and effect as if more fully set forth at length herein.

84.     DET. SARDINA's conduct in placing Plaintiff under arrest, searching Plaintiff, and handcuffing Plaintiff constituted a battery upon Plaintiff in that the above-described bodily contact was intentional, unauthorized, and grossly offensive in nature.

85.     Such contact caused serious physical, psychological, and emotional pain and suffering, and otherwise caused damage to Plaintiff.  As such, DET. SARDINA is liable to Plaintiff.

-18-

## SEVENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

86.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 85 with the same force and effect as if more fully set forth at length herein.

87.    DET. SARDINA's conduct, in assaulting, battering, and unlawfully arresting Plaintiff, without provocation or justification, was extreme, outrageous, and utterly intolerable in a civilized community, and manifested conduct that exceeded all reasonable bounds of decency.

88.    DET. SARDINA's conduct, described above, was intended to and did cause severe physical, psychological, and emotional distress to Plaintiff.

89.    DET. SARDINA's conduct was the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

90.    As a result of the foregoing, Plaintiff was deprived of his liberty, was subjected to physical, psychological, and emotional pain and suffering, and was otherwise damaged and injured.

## EIGHTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)

91.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 90 with the same force and effect as if more fully set forth at length herein.

92.     DET. SARDINA's conduct, in assaulting, battering, and unlawfully arresting Plaintiff, was careless and negligent as to the emotional health of Plaintiff, and caused severe emotional distress to Plaintiff.

93.     DET. SARDINA's conduct was the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

94.     As a result of the foregoing, Plaintiff was deprived of his liberty, was subjected to serious physical, psychological, and emotional pain and suffering, and was otherwise damaged and injured.

**NINTH CAUSE OF ACTION**
**(Negligent Hiring, Retention,**
**Training, and Supervision)**

95.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 94 with the same force and effect as if more fully set forth at length herein.

96.     The CITY OF NEW YORK, acting through the NYPD and its agents, servants and employees acting within the scope of their employment did negligently hire, retain, train and supervise DET. SARDINA.

97.     Upon information and belief, other employees of the NYPD have initiated similar arrests and prosecutions of child sexual contact and endangerment without conducting proper investigations resulting in dismissal.

98.     As such, the CITY OF NEW YORK is liable for the negligent hiring, retention, training and supervision of DET. SARDINA.

## TENTH CAUSE OF ACTION
### (*Respondeat Superior* Liability
### For State Law Claims)

99.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 98 with the same force and effect as if more fully set forth at length herein.

100.     The conduct of DET. SARDINA stated herein occurred while he was on duty and in uniform, in and during the course and scope of his duties and functions as an officer in the NYPD, and while they were acting as an agents, officers, servants, and employees of the CITY OF NEW YORK.  As such, the CITY OF NEW YORK is liable to Plaintiff pursuant to the common law doctrine of *respondeat superior*.

## ELEVENTH CAUSE OF ACTION
### (*Monell* Claim against the
### City of New York for Liability)

101.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 100 with the same force and effect as if more fully set forth at length herein.

102.     The CITY OF NEW YORK through the NYPD had in effect, both before and at the time of the events stated in this complaint, several interrelated *de facto* policies, practices and customs.  These policies, practices and customs included the failure to properly supervise, train, and instruct prosecutors and police officers with respect to proper investigatory techniques and adequate evidence required to arrest a suspect and charge criminal actions.  Plaintiff is aware of another matter

pending in this district, *Thomsen v. City of New York, et al.*, 15-cv-2668(DLC), in which NYPD officers arrested an individual in similar circumstances and on similar charges without probable cause.

103.    Additionally, there is a practice in the NYPD amongst police officers to discourage officers from reporting official misconduct, and to offer false or incomplete accounts to protect fellow officers from investigations of misconduct. The CITY OF NEW YORK also engaged in a policy, practice, and custom of failure to properly discipline police officers or prosecutors who violate a suspect's rights secured by the Constitution or other law.

104.    Upon information and belief, other police officers employed at the NYPD engaged in similar improper investigations and prosecutions and have not been subject to proper disciplinary measures or retraining.

105.    Upon information and belief, supervisors with policymaking authority at both the NYPD had actual or constructive knowledge of the facts stated herein and authorized, condoned and/or ordered the actions of DET. SARDINA.

106.    The CITY OF NEW YORK's interrelated polices, practices and customs, separately and/or together, were implemented with deliberate indifference, and were a direct and proximate cause of the Plaintiff's Constitutional violations and injuries, as set forth above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a.      As to the First through Seventh Causes of Action, that the jury find and the Court adjudge and decree that Plaintiff shall recover compensatory damages in the sum of $10,000,000 against the individual defendants and the CITY OF NEW YORK, jointly and severally, together with interest and costs; and punitive damages in the sum of $10,000,000.00 against the defendants, jointly and severally;

b.      That Plaintiff recover the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. § 1988; and

c.      That Plaintiff is granted such other and further relief as the Court deems just and equitable.

Dated:       New York, New York
             July 29, 2015

                      PERLMUTTER & MCGUINNESS, P.C.


                      By:_____
                              Daniel A. McGuinness

                      260 Madison Avenue, Suite 1800
                      New York, New York 10016
                      Tel: (212) 679-1990
                      Fax: (888) 679-0585
                      Attorneys for Plaintiff MATTHEW BATE